PROB 12C
(6/16)

Report Date: July 1, 2021

## United States District Court

for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 01, 2021

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Blane Corey Desantis　　　　　Case Number: 0980 2:18CR00077-WFN-1

Address of Offender:　　　　　　　　　　, Spokane, Washington 99201

Name of Sentencing Judicial Officer:  The Honorable Wm. Fremming Nielsen, Senior U.S. District Judge

Date of Original Sentence: January 9, 2019

| | |
|---|---|
| Original Offense: | Manufacture of Counterfeit Currency, 18 U.S.C. § 471 |
| Original Sentence: | Prison - 24 Months; TSR - 36 Months |
| Asst. U.S. Attorney: | Earl A. Hicks |
| Defense Attorney: | Federal Public Defender |

Type of Supervision: Supervised Release

Date Supervision Commenced: September 17, 2020

Date Supervision Expires: September 16, 2023

### PETITIONING THE COURT

　　To **issue a SUMMONS**.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Mandatory Condition #3**: You must refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court. |

**Supporting Evidence**: Mr. Blane Desantis is alleged to have violated mandatory condition number 3 by ingesting methamphetamine on a daily basis between June 24 and 27, 2021, based on both the client's admission of such use and urinalysis testing.

On September 18, 2020, the undersigned officer reviewed Mr. Desantis' conditions of supervised release relative to 2:18CR00077-WFN-1 with him telephonically given the ongoing COVID-19 pandemic. Mr. Desantis indicated he understood all conditions as ordered by the Court, and the conditions were signed electronically by the undersigned officer on his behalf and with his approval. Specifically, Mr. Desantis was made aware by his U.S. probation officer that he was required to refrain from the use of illegal controlled substances.

Specifically, on June 30, 2021, Mr. Desantis reported for urinalysis testing to be conducted by the contract provider, and as directed by the undersigned officer. Mr. Desantis subsequently submitted a urinalysis sample that reflected as being presumptive positive for methamphetamine. Mr. Desantis subsequently sent a text message to the undersigned officer

Prob12C
Re: Desantis, Blane Corey
July 1, 2021
Page 2

on the day in question advising he had tested positive, the parties needed to talk, and he could not afford to go back to jail, thereby losing his daughter.

On July 1, 2021, the client and the undersigned officer were able to speak at length, at which time the client ultimately admitted to initially relapsing on methamphetamine on Thursday, June 24, 2021, and then using the substance approximately 1-2 times daily through June 27, 2021. Mr. Desantis attributed his relapse to recently finding out that his child's mother had herself relapsed on alcohol and to being "overwhelmed."

On July 1, 2021, the urinalysis testing results specific to those tests conducted by the contract provider on June 30, 2021, were received by the undersigned officer, in which it was confirmed the client had in fact provided a presumptive positive urinalysis sample for amphetamine and methamphetamine on June 30, 2021. A signed drug use admission form was additionally received from the provider, in which the client signed his name admitting to previously ingesting amphetamine and methamphetamine.

2          **Standard Condition #4**: You must be truthful when responding to questions asked by your probation officer.

**Supporting Evidence**: Mr. Blane Desantis is alleged to have violated standard condition number 4 by being intentionally dishonest with the undersigned officer during questioning on multiple occasions, as previously occurring on June 28 through July 1, 2021.

On September 18, 2020, the undersigned officer reviewed Mr. Desantis' conditions of supervised release relative to 2:18CR00077-WFN-1 with him telephonically given the ongoing COVID-19 pandemic. Mr. Desantis indicated he understood all conditions as ordered by the Court, and the conditions were signed electronically by the undersigned officer on his behalf and with his approval. Specifically, Mr. Desantis was made aware by his U.S. probation officer that he was required to remain truthful with the undersigned officer.

Specifically, on Monday June 28, 2021, Mr. Desantis was contacted by the undersigned officer using text messaging and was directed to report for random urinalysis testing with the contract provider in Spokane. Mr. Desantis subsequently responded indicating he was in Pullman working through Thursday. It should be noted that Mr. Desantis is currently employed in Coeur d'Alene, Idaho, and at no time previously advised the undersigned officer of any change in employment or any need to work away from his current job site or out of Spokane. Mr. Desantis further advised that he would attempt to secure a ride back to Spokane, and advised that he had left his vehicle in Spokane and received a ride down to the current job site.

On Tuesday, June 29, 2021, Mr. Desantis sent a text message to the undersigned officer and advised that he remained attempting to get a ride back to Spokane. Mr. Desantis was contacted telephonically and directed to report for urinalysis testing on the day in question, to which he indicated his understanding. At 6:17 p.m., Mr. Desantis advised the undersigned officer using text messaging that he had arrived back in Spokane, and he would travel to submit to urinalysis testing on his break on June 30, 2021. Mr. Desantis was confronted on several occasions about his recent aloof behavior and the undersigned officer's concern that he had relapsed, which he denied.

Prob12C
Re: Desantis, Blane Corey
July 1, 2021
Page 3

On June 30, 2021, the client contacted the undersigned officer using text messaging and advised that he had submitted a urinalysis sample that had returned as being presumptive positive for methamphetamine. The client further advised that the parties needed to talk as he could not risk losing his daughter by being returned to custody.

On July 1, 2021, the parties spoke by phone at which time the undersigned officer expressed the importance of honesty, to which the client stated his understanding. Mr. Desantis admitted to relapsing on or about Sunday June 27, 2021, after becoming overwhelmed. The undersigned officer advised that this officer had evidence to support that he had in fact relapsed prior to that date. Mr. Desantis initially denied this, but after again being confronted, admitted to originally relapsing on or about Thursday, June 24, 2021, and then continuing to use methamphetamine approximately 1-2 times daily through Sunday, June 27, 2021. Mr. Desantis further admitted that he was at no time in Pullman, as previously indicated after being directed to report for urinalysis testing, stating he was not trying to avoid urinalysis testing, but rather using the time to "clear his head."

3   **Special Condition #7**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Mr. Blane Desantis is alleged to have violated special condition number 7 by failing to report for urinalysis testing on June 28 and 29, 2021, as directed by the undersigned officer.

On September 18, 2020, the undersigned officer reviewed Mr. Desantis' conditions of supervised release relative to 2:18CR00077-WFN-1 with him telephonically given the ongoing COVID-19 pandemic. Mr. Desantis indicated he understood all conditions as ordered by the Court, and the conditions were signed electronically by the undersigned officer on his behalf and with his approval. Specifically, Mr. Desantis was made aware by his U.S. probation officer that he was required to report for urinalysis testing as directed.

Specifically, on June 28, 2021, Mr. Desantis was contacted by the undersigned officer using text messaging and was directed to report for urinalysis testing. Mr. Desantis responded, indicating that he could not do so as he was currently working in Pullman. Mr. Desantis indicated that he was not scheduled to return until Thursday. Mr. Desantis was confronted on not having advised the undersigned officer of this uncharacteristic need, to which he apologized and advised he would attempt to secure a return ride to Spokane.

On June 29, 2021, Mr. Desantis indicated that he was continuing in his efforts to secure a return ride to Spokane, but had not yet been able to do so. Mr. Desantis was directed to report for urinalysis testing in Spokane on the day in question to which he stated his understanding. The client subsequently sent the undersigned officer a text message on June 29, 2021, at 6:17 p.m., after the contract provider had closed for urinalysis testing, advising that he had just arrived back in Spokane, and he would report for urinalysis testing the following day.

Mr. Desantis subsequently admitted that he was at no point in Pullman as indicated, and his efforts were an attempt to use the extra time to "clear his head." It would therefore appear, through the client's own admission, that he attempted to deceive the undersigned officer in an effort to avoid urinalysis testing as directed.

Prob12C
Re: Desantis, Blane Corey
July 1, 2021
Page 4

The U.S. Probation Office respectfully recommends the Court **issue a SUMMONS** requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   July 1, 2021

s/Chris Heinen

Chris Heinen
U.S. Probation Officer

---

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[X]   The Issuance of a Summons
[ ]   Other

Signature of Judicial Officer

7/1/2021
Date